## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| OMARI AKILE SMITH, GDC # 1000437230, | : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF ATLANTA POLICE DEPARTMENT et al., | : : | CIVIL ACTION NO. |
| Defendants. | : | 1:17-CV-106-TWT-JKL |

## FINAL REPORT AND RECOMMENDATION

Plaintiff, Omari Akile Smith, confined in Georgia State Prison in Reidsville, Georgia, submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. [Doc. 1.] The Court granted Plaintiff's request for leave to proceed *in forma pauperis* [Doc. 3], and the case is now before the Court for review under 28 U.S.C. § 1915A. For the reasons discussed below, the undersigned recommends that this action be dismissed.

I.   Standard of Review

The Court must screen a prisoner complaint against a governmental entity, officer, or employee and dismiss the complaint or any portion thereof if it (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1) & (2). A claim is frivolous when it "lacks an arguable

basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted). A complaint fails to state a claim when the factual allegations, accepted as true, do not "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A viable claim must be "plausible on its face." *Id.* at 570.

In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court construes the factual allegations favorably to a *pro se* plaintiff and holds *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (citing *U.S. Steel, LLC v. Tieco, Inc.*,

2

261 F.3d 1275, 1288 (11th Cir. 2001), and *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)).

II.     Discussion

The records of the Georgia Department of Corrections show that Plaintiff is serving a life sentence for murder.[1]  Plaintiff brings this action against the following Defendants: the City of Atlanta Police Department; Detective Nicole K. Esquilin; and Fulton County Chief Senior District Attorney Fani T. Willis. [Doc. 1 at 1.] Plaintiff alleges that Detective Esquilin (1) improperly "search[ed] and questioned [him] without [a] warrant" on February 17, 2010, (2) improperly caused a witness to identify him as a suspect, (3) tampered with evidence, and (4) falsely arrested him. [*Id.* at 5-6.] Plaintiff also alleges that District Attorney Willis committed misconduct at Plaintiff's trial in November 2010. [*Id.* at 5.] Plaintiff seeks monetary relief, the prosecution of the witness against him, and release from confinement. [*Id.* at 7.]

"The statute of limitations for a section 1983 claim arising out of events occurring in Georgia is two years." *Combs v. Nelson*, 419 F. App'x 884, 886 (11th Cir. 2011) (per curiam) (citing *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003)).

---

[1] *See* Ga. Dep't of Corr., http://www.dcor.state.ga.us/ (using "Find an Offender" link and searching GDC # 1000437230) (last visited Jan. 19, 2017).

3

Plaintiff's claims are untimely because they arise out of events that occurred in 2010, which was more than six years ago.

In addition to untimeliness, the undersigned notes other deficiencies in Plaintiff's complaint. Plaintiff may not sue the City of Atlanta Police Department because "police departments are not usually considered legal entities subject to suit . . . ." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). District Attorney Willis is entitled to absolute immunity from a § 1983 suit for damages. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Plaintiff cannot ask this Court to prosecute the witness against him. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Plaintiff cannot obtain release from confinement in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that habeas corpus is sole federal remedy for challenge to fact or duration of confinement).

Finally, any § 1983 claims that Plaintiff may have against Detective Esquilin or any other possible defendant in connection with Plaintiff's conviction cannot proceed under *Heck v. Humphrey*, 512 U.S. 477 (1994):

4

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

*Heck*, 512 U.S. at 486-87; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Plaintiff's conviction has not been reversed, expunged, declared invalid, or otherwise called into question. Therefore, *Heck* bars any § 1983 claims that Plaintiff may have in connection with his conviction.

III.   Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED**, this 19th day of January, 2017.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE